IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD MARIO CLARK,<br>TDCJ-CID NO. 1487342, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-12-2987 |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Bernard Mario Clark, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) challenging a December 6, 2007, judgment of conviction in the 268th District Court of Fort Bend County in Cause No. 44740-A for aggravated assault with a deadly weapon. Pending before the court is Respondent Rick Thaler's Motion to Dismiss with Brief in Support (Docket Entry No. 13), to which Clark has filed Petitioner's Motion to Response to the Respondent Motion to Dismiss (Docket Entry No. 15).

Respondent's Motion to Dismiss and the exhibits in the attached Appendix A establish that Clark previously filed a petition for a writ of habeas corpus challenging the same state

court conviction in Cause No. H-10-435, Clark v. Thaler. In that action the court dismissed Clark's petition with prejudice, and the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability.

Thaler argues that Clark's petition is successive and therefore cannot be considered by the court. Because Clark's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, it is subject to the AEDPA. See 28 U.S.C. § 2253 (2009); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2061 (1997). The AEDPA provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (2009). When a petitioner files a successive petition without the Fifth Circuit's approval, the petition is subject to dismissal for abuse of the writ. Id.

Although Clark argues in his "Motion to Response" that his petition is not successive, he provides no factual or legal support for his argument. Respondent's motion and the attached exhibits in Appendix A establish as a matter of law that the pending petition filed by Clark is successive, and there is no evidence that Clark received an order from the Fifth Circuit authorizing this court to consider his present application. The court will grant

respondent's motion and will dismiss Clark's petition for lack of subject matter jurisdiction.

Accordingly, Respondent's Motion to Dismiss (Docket Entry No. 13) is **GRANTED**, and this action will be dismissed for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this the 15th day of May, 2013.

```
                              SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```